**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| VIAAS INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 6:22-cv-01048-KC |
| v. | § | |
| | § | **PATENT CASE** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| Google LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS FOR LACK OF STANDING
AND FAILURE TO STATE A CLAIM UNDER RULES 12(b)(1) AND 12(b)(6)**

i

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ......................................................................................................1

II.  FACTUAL BACKGROUND ..................................................................................2

    A.  VIAAS' Complaint ........................................................................................2

    B.  Patent Assignment History ...........................................................................2

III.  LEGAL STANDARDS ...........................................................................................4

    A.  Article III Standing .......................................................................................4

    B.  35 U.S.C. § 281 .............................................................................................5

    C.  Sufficiency of Pleadings ...............................................................................6

    D.  Pleading Direct Infringement .......................................................................6

IV.  ARGUMENT ..........................................................................................................7

    A.  VIAAS Lacks Article III Standing To Sue Google ......................................8

        1.  Public Records Indicate that Third Iris Corp., Not
            VIAAS, Owns The Asserted Patents ...............................................8

        2.  To the Extent the Purported Assignment from Barracuda
            to VIAAS Is Valid, Barracuda's Right to Sub-License
            the Asserted Patents To Google Deprives VIAAS of
            Standing to Sue Google ...................................................................9

    B.  VIAAS Is Not A Patentee Under 35 U.S.C. § 281 .....................................10

    C.  VIAAS's Complaint Fails To Give Rise To A Claim For Direct
       Infringement.................................................................................................13

        1.  The Complaint Lacks Factual Allegations To Raise The
            Reasonable Inference That Google Performs Every Step
            Recited In The Asserted Claims .....................................................13

        2.  The Complaint Lacks Factual Allegations To Raise The
            Reasonable Inference That Any Google Product
            Satisfies Every Limitation Of Any Of The Asserted
            Claims .............................................................................................15

            a.  Count I of the Complaint Lacks Sufficient
                Factual Allegations With Respect to the
                "HTTPS" Limitations of the '888 Patent....................................15

            b.  Count II of the Complaint Lacks Sufficient
                Factual Allegations With Respect to the "Unique
                Identification" Limitations of the '069 Patent ...........................18

V.      CONCLUSION...................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A123 Sys., Inc. v. Hydro-Quebec*,
    626 F.3d 1213 (Fed. Cir. 2010)..................................................................................11

*Acceleration Bay LLC v. Activision Blizzard Inc*.,
    No. 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017) ...............................10

*Aftechmobile Inc. v. Salesforce.com, Inc.*,
    No. 19-CV-05903-JST, 2020 WL 6129139 (N.D. Cal. Sept. 2, 2020), *aff'd*,
    853 F. App'x 669 (Fed. Cir. 2021) ..........................................................................14

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)..................................................................1, 7, 13, 14

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp*.,
    604 F.3d 1354 (Fed. Cir. 2010)..............................................................................5, 6

*AlterG, Inc. v. Boost Treadmills LLC*,
    388 F. Supp. 3d 1133 (N.D. Cal. 2019) ...................................................................15

*AntennaSys, Inc. v. AQYR Techs., Inc*.,
    976 F.3d 1374 (Fed. Cir. 2020)..................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................6, 14, 15

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
    434 F.3d 1336 (Fed. Cir. 2006)................................................................................12

*AsymmetRx, Inc. v. Biocare Med., LLC*,
    582 F.3d 1314 (Fed. Cir. 2009)...........................................................................10, 11

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v.
    Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ............................15

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
    No. 15-CV-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ............................7, 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................... *passim*

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................16, 17

*Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*,
    112 F. Supp. 3d 1048 (C.D. Cal. 2015) ...............................................................17

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).........................14

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
    823 F.3d 615 (Fed. Cir. 2016).......................................................................................11, 12

*e.Digital Corp. v. iBaby Labs, Inc.*,
    No. 15-CV-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016).............................6, 15

*Gardner v. Engenious Designs LLC*,
    No. 221CV02364HLTADM, 2021 WL 5493054 (D. Kan. Nov. 22, 2021)...........................16

*Gold Crest, LLC v. Project Light, LLC*,
    525 F. Supp. 3d 826 (N.D. Ohio 2021).................................................................................16

*In re Cirba Inc.*,
    No. 2021-154, 2021 WL 4302979 (Fed. Cir. Sept. 22, 2021) .................................................12

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993).........................................................................................7, 13

*Laitram Corp. v. Rexnord, Inc.*,
    939 F.2d 1533 (Fed. Cir. 1991)...................................................................................7, 15

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)..............................................................................5, 6, 11

*Lujan v. Def. of Wildlife*,
    504 U.S. 555 (1992)........................................................................................................4, 5

*Macronix Int'l Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797 (E.D. Va. 2014) ....................................................................................17

*Midwest Athletics & Sports All. LLC v. Xerox Corp.*,
    No. 8:17CV478, 2018 WL 1400426 (D. Neb. Mar. 20, 2018).................................................17

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)..................................................................................5, 10

*Ontel Prod. Corp. v. S.C. Chang, Inc.*,
    No. CIV.A. 14-7008 JEI, 2015 WL 5097851 (D.N.J. Aug. 31, 2015) ....................................8

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)..................................................................................7, 13

*Propat Int'l Corp. v. Rpost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007)..........................................................................................12

*Ricoh Co. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008)..........................................................................................7

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)........................................................................................4, 10

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000).......................................................................................1, 9

*Spokeo, Inc. v. Robins*,
    136 S.Ct. 1540 (2016).........................................................................................................4

*Stephens v. Premiere Credit of N. Am., LLC*,
    No. 316CV00007GNSCHL, 2018 WL 505593 (W.D. Ky. Jan. 22, 2018) ...........................17

*Telebrands Corp. v. GMC Ware, Inc.*,
    No. CV1503121SJOJCX, 2016 WL 6237914 (C.D. Cal. Apr. 5, 2016) ................................17

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*,
    944 F.2d 870 (Fed. Cir. 1991)............................................................................................5

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................17

*WiAV Sols. LLC v. Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010)................................................................................5, 8, 9, 10

## **Statutes**

35 U.S.C. § 281..................................................................................................... *passim*

## **Other Authorities**

Rule 8(a)...............................................................................................................17

Rule 12(b)(1)...................................................................................................1, 5, 10

Rule 12(b)(6)......................................................................................................6, 13

## **STATEMENT OF ISSUES**

1.      Does VIAAS have Article III standing to sue Google in view of deficiencies in the assignment record for the Asserted Patents?

2.      Does VIAAS qualify as a "patentee" under 35 U.S.C. § 281, given that it lacks all substantial rights in the Asserted Patents?

3.      Has VIAAS set forth a plausible allegation of direct infringement of the Asserted Claims, given that it fails to allege that Google performs each of the recited method steps?

4.      Has VIAAS set forth a plausible allegation of infringement for claim 1 of U.S. Patent No. 8,558,888, given that the Complaint lacks sufficient factual allegations with respect to the "HTTPS" limitations?

5.      Has VIAAS set forth a plausible allegation of infringement for claim 1 of U.S. Patent No. 9,472,069, given that the Complaint lacks sufficient factual allegations with respect to the "unique identification" limitations?

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Google LLC ("Google") moves to dismiss the complaint filed by Plaintiff VIAAS Inc. ("VIAAS") on October 6, 2022 ("Complaint," Dkt. 1) for lack of standing and failure to state a claim for which relief can be granted.

## I.    INTRODUCTION

VIAAS' Complaint is deficient on numerous grounds and should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  With respect to Rule 12(b)(1), VIAAS lacks Article III standing.  VIAAS is not the owner of the U.S. Patent Nos. 8,558,888 ("the '888 patent") and 9,472,069 ("the '069 patent") (together, the "Asserted Patents").  Instead, the public record shows that Third Iris Corp. is the rightful owner.  Nothing in the public record reflects that ownership of the Asserted Patents was ever properly transferred from the inventor to VIAAS, but even assuming that it was, any potential exclusionary rights VIAAS may have are extinguished by Google's ability to obtain a license to practice the asserted patents from a third party — Barracuda Networks, Inc.  *See Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (explaining that the right to sue is "illusory" when one party "can render that right nugatory by granting the alleged infringer a royalty-free sublicense").

With respect to Rule 12(b)(6), VIAAS lacks "all substantial rights" in the asserted patents, depriving it of "patentee" status under 35 U.S.C. § 281.  VIAAS's Complaint is also short on substance and fails to state a claim upon which relief can be granted because it does not allege that Google performs every limitation of the asserted claims.  To state a claim for direct infringement of method claims, VIAAS must plausibly allege the performance of each claim limitation by Google itself; simply selling a device capable of performing the method is not sufficient.  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).  However, VIAAS has made no such

allegation.  Finally, VIAAS does not provide factual allegations to support an inference that the accused products satisfy every limitation of any asserted claim.  Instead, VIAAS's Complaint generally alleges that "the elements of an exemplary claim" from each of the Asserted Patents "are infringed by the Accused Products."  Dkt. 1, ¶¶ 23, 30.  But, the Complaint lacks sufficient factual matter to plausibly support those allegations.  Instead, VIAAS merely parrots the claim language supported by nothing more than "information and belief."

## II.    FACTUAL BACKGROUND

### A.    VIAAS' Complaint

On October 6, 2022, VIAAS filed suit against Google, alleging that Google has directly infringed the Asserted Patents by making, using, testing, selling, offering for sale and/or importing into the United States "Google's Nest System."  *See* Dkt. 1 (Complaint), ¶ 16.  To date, VIAAS has only provided bare-bones infringement allegations for claim 1 of the '888 patent and claim 1 of the '069 patent (collectively, the "Asserted Claims").  *See* Dkt. 1, Exs. C, D (claim charts for the Asserted Patents).  The '069 patent is a divisional of the '888 patent, and both share a common specification and name Steven Goddard Roskowski as inventor.  *See* Dkt. 1, Exs. A, B (Asserted Patents).

### B.    Patent Assignment History

With respect to the '888 patent, the USPTO assignment database indicates that five purported assignments of rights related to the '888 patent have been recorded.  Two of those are related to a now released security agreement from Barracuda Networks, Inc. ("Barracuda") to Silicon Valley Bank, where the '888 patent was used as collateral to secure financing and credits from Silicon Valley Bank.  (Ex. 1[1] ("Assignment 2" and "Assignment 5").)  The initial security

---

[1] Unless otherwise stated, "Ex." refers to the exhibits attached to the Declaration of Nicholas Lee in support of Google's Motion To Dismiss, filed concurrently herewith.

agreement was executed on October 3, 2012 (Ex. 2 at Reel: 029218/Frame: 0107) and the release of that agreement was executed on January 2, 2018 (Ex. 3 at Reel: 045027/Frame 0874). The remaining three purported assignments in the USPTO database are addressed in chronological order below.

First, on March 2, 2009, Mr. Roskowski assigned U.S. Patent Application No. 12/395,437 ("the '437 application," which issued as the '888 patent), including "all Patent(s) granted on any application which is a divisional, substitution, continuation, or continuation-in-part" of the '437 application to Third Iris Corp. (Ex. 4 at Reel: 022333/Frame: 0480.) Second, the USPTO assignment database indicates that Mr. Roskowski assigned the '888 patent to Barracuda on April 25, 2013. (Ex. 1 ("Assignment 3").) However, the associated recorded document is an indemnity agreement between Mr. Roskowski and Barracuda, not an assignment. (*See* Ex. 5 at Reel: 041069/Frame: 0271.) In fact, the indemnity agreement includes a "No License" provision expressly stating that "nothing set forth [in the agreement] shall constitute either any grant of any right, covenant, release or license to Executive with respect to, or under, any patent . . . right of the Company." (Ex. 5 at Reel: 041069/Frame: 0273.) The third recorded document is a "Bill of Sale, Assignment, and Assumption Agreement" dated May 31, 2017, and an "Amendment No. 1 to Asset Purchase Agreement," which also includes Schedules 1.03 and 1.04 as attachments, dated June 9, 2017 (collectively, "Purported VIAAS Assignment"). (*See* Ex. 1 ("Assignment 4"); Ex. 6 at Reel: 042834/Frames: 0052-0057.) The terms of the Purported VIAAS Assignment assign the Asserted Patents from Barracuda to VIAAS, yet also grant to Barracuda "all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including sub-licensing the Patents to any third party sued for infringement." (Ex. 6 at Reel: 042834/Frame: 0057.)

3

With respect to the '069 patent, the USPTO assignment database indicates that four purported assignments of rights have been recorded.  (Ex. 7.)  First, in a document executed October 29, 2015, Mr. Roskowski purportedly assigned U.S. Patent Application No. 13/666,879 ("the '879 application," which issued as the '069 patent) to Barracuda.  (Ex. 8 at Reel: 036956/Frame: 0887.)  This purported assignment of the '879 application occurred over six and a half years after Mr. Roskowski's first assignment of the '888 patent and its divisionals to Third Iris Corp. on March 2, 2009.  (*See* Ex. 4; Ex. 8.)  The second recorded document is the same Purported VIAAS Assignment discussed above.  (Ex. 9.)  The remaining two documents are security agreements dated August 15, 2022, wherein Barracuda posted several patents including the '069 patent as collateral for loans and credits with financial institutions.  (*See* Ex. 7 ("Assignment 3" and "Assignment 4").)  One of those agreements is between Barracuda and UBS AG, Stamford Branch.  (Ex. 10.)  The other is between Barracuda and KKR Loan Administration Services LLC.  (Ex. 11.)

## III.    LEGAL STANDARDS

### A.    Article III Standing

The well-known and "irreducible" minimum of Article III standing requires a plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robin*s, 136 S. Ct. 1540, 1547 (2016).  The injury in fact must be "concrete and particularized" and "actual or imminent," not merely "conjectural or hypothetical."  *Id*. at 1545 (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992)).  Standing is a "threshold requirement" for every federal suit that must be present "at the time the suit is brought."  *Sicom Sys., Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 975-76 (Fed. Cir. 2005).  "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that,

4

if violated by another, would cause the party holding the exclusionary right to suffer a legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010).

A patent is a "bundle of rights which may be divided and assigned, or retained in whole or part." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991). The inventor initially holds all rights, but may, over time, alienate some or all of them through transfers, assignments, and licenses. *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010). However, "[w]hile parties are free to assign some or all patent rights as they see fit . . . , this does not mean that the chosen method of division will satisfy standing requirements." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 n.8 (Fed. Cir. 2007). A challenge to a plaintiff's compliance with Article III is brought under Federal Rule 12(b)(1). *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019); *Lujan*, 504 U.S. at 561.

Standing being a jurisdictional matter, a motion to dismiss for lack of standing is properly brought pursuant to Rule 12(b)(1). *Lone Star*, 925 F.3d at 1235. "Unlike the standards employed in [a] Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] Rule 12(b)(1) motion are far more demanding of the non-movant. The burden is on the Plaintiff[] to prove jurisdiction exists. Further, the Court need not accept Plaintiff's factual allegations as true and is free to consider facts not alleged in the complaint." *Appriva S'holder Litig. Co., LLC v. EV3, Inc*., 937 A.2d 1275, 1284 n.14. (Del. 2007).

### B.     35 U.S.C. § 281

Section 281 authorizes only the "patentee" to bring an action for patent infringement. 35 U.S.C. § 281. The determination of a "patentee" is an all-or-nothing proposition: a patent has only one "patentee" at a given time and cannot have "multiple separate owners." *Alfred E. Mann*, 604 F.3d at 1359. Thus, the party that first obtains the patent remains the "patentee" until it assigns

those patents to another.  *Id.*  Whether an assignment took place does not depend on labels but on

an examination of the "totality" of an agreement to determine whether the patent owner transferred

"all substantial rights" in the patent to another party.  *Lone Star*, 925 F.3d at 1229.  A challenge to

a plaintiff's compliance with Section 281 is brought under Federal Rule 12(b)(6).  *See Antenna*

*Sys., Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1379 (Fed. Cir. 2020).

### C.    Sufficiency of Pleadings

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim

upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts

that "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  There must be "more than a

sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require

"heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.  Furthermore, "the tenet that

a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause

of action's elements, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 663 (citing

*Twombly*, 550 U.S.at 555).

### D.    Pleading Direct Infringement

With respect to claims for direct patent infringement, a complaint does not satisfy the

standards of *Twombly* and *Iqbal* where it does not contain factual allegations that the accused

product practices every element of at least one exemplary claim.  *See, e.g., e.Digital Corp. v. iBaby*

*Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016) (finding

FAC failed to state a claim where plaintiff "ha[d] not attempted to map [a] limitation onto any

allegations in the FAC" and "based on the Court's own independent review, it cannot discern how the FAC could be said to plausibly allege this limitation"); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) ("simply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient"). These decisions are rooted in the principle that "the failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Direct infringement of a method claim requires that "all steps of a claimed method are performed by or attributable to a single entity." *Akamai*, 797 F.3d at 1022. "A method claim is directly infringed only by one practicing the patented method." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993). A claim for direct infringement of a method claim fails where it is predicated on the theory that the defendant sold software that is capable of practicing the claimed method. *See id.* at 773 (holding that "[t]he sale of [an apparatus capable of performing a claimed process is] not a direct infringement because a method or process claim is directly infringed only when the process is performed"). "Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco*, 463 F.3d at 1311; *see also Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("[A] party that sells or offers to sell software containing instructions to perform a patented method does not [directly] infringe the patent under § 271(a).").

## IV.    ARGUMENT

In order to bring suit, VIAAS must satisfy both constitutional standing under Article III and be "a patentee" under 35 U.S.C. § 281. VIAAS fails both requirements here. In addition, VIAAS's Complaint further fails to state a claim upon which relief can be granted because it does

not allege that Google performs every limitation of the Asserted Claims, and it does not provide factual support to raise an inference that the Accused Products satisfy every limitation of any Asserted Claims.

> **A.      VIAAS Lacks Article III Standing To Sue Google**
>
> **1.      Public Records Indicate that Third Iris Corp., Not VIAAS, Owns The Asserted Patents**

VIAAS lacks Article III standing to sue Google for infringement because the record fails to demonstrate that "it has an exclusionary right" in the Asserted Patents. *WiAV Sols.*, 631 F.3d at 1265.  The publicly available records show that VIAAS is not the rightful assignee of the Asserted Patents.[2]   On March 2, 2009, the only named inventor, Mr. Roskowski, assigned the '437 application (now the '888 patent), including "all Patent(s) granted on any application which is a **divisional**, substitution, continuation, or continuation-in-part" of the '437 application to Third Iris Corp.  (Ex. 4 at Reel: 022333/Frame: 0480 (emphasis added).)  The '069 patent issued from a divisional application of the '437 application, thus it falls within the scope of Mr. Roskowski's assignment to Third Iris Corp.  *See* Dkt. 1, Ex. B ('069 patent).  As such, the original owner of the bundle of rights conferred by the Asserted Patents assigned all patent rights to Third Iris Corp.  Later, Mr. Roskowski purportedly transferred the rights to the '888 patent to Barracuda who later purportedly assigned the Asserted Patents to VIAAS.  *See* Section II, *supra*.  There are, however, no documents recorded with the USPTO or alleged in the Complaint evidencing a transfer of rights in the Asserted Patents from Third Iris Corp. back to Mr. Roskowski after he assigned them to

---

[2] It is appropriate for the Court to consider the public record at this stage of the case.  In a factual attack, there is no presumption that allegations in the Compliant are true and thus the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ontel Prod. Corp. v. S.C. Chang, Inc*., No. CIV.A. 14-7008 JEI, 2015 WL 5097851, at *3 (D.N.J. Aug. 31, 2015) ("Further, the plaintiff has the burden of proving that subject matter jurisdiction exists.").

Third Iris Corp. in 2009.  Thus, Third Iris Corp., not VIAAS, remains the owner of the Asserted Patents.

Moreover, while the public record is devoid of an assignment from Third Iris Corp. to Barracuda, Barracuda has posted the Asserted Patents as collateral to financial institutions for credits and loans.  These include: (1) a security agreement on October 3, 2012 with Silicon Valley Bank related to the '888 patent (Ex. 2), which was terminated and released by Silicon National Bank in favor of Barracuda on January 2, 2018 (Ex. 3); (2) an August 15, 2022 Grant of First Lien Security Interest in Patent Rights from Barracuda to UBS AG, Stamford Branch to "all of its right, title and interest in," *inter alia*, the '069 patent (Ex. 10 at Reel: 061377/Frames: 0213, 0230); (3) an August 15, 2022 Grant of Second Lien Security Interest in Patent Rights from Barracuda to KKR Loan Administration Services to "all of its right, title and interest in," *inter alia*, the '069 patent (Ex. 11 at Reel: 061377/Frames: 0236, 0253).  In doing so, and as recently as August 2022— a couple months before VIAAS filed the instant action against Google—Barracuda, not VIAAS, was collateralizing its ownership over the patents.  This further demonstrates that VIAAS does not have sufficient ownership rights to bring this case.

> **2.    To the Extent the Purported Assignment from Barracuda to VIAAS Is Valid, Barracuda's Right to Sub-License the Asserted Patents To Google Deprives VIAAS of Standing to Sue Google**

Even if VIAAS could cure the deficient chain of title, VIAAS would still lack Article III standing to sue Google because Google would have the ability to obtain a license to practice the Asserted Patents from Barracuda.  If an accused infringer "has the ability to obtain" a license to the patent "from another party with the right to grant it," then the plaintiff "does not have an exclusionary right with respect to the alleged infringer and thus is not injured by the alleged infringer." *WiAV Sols.*, 631 F.3d at 1265-66; *see also Speedpla*, 211 F.3d at 1251 (explaining that the right to sue is "illusory" when one party "can render that right nugatory by granting the alleged

infringer a royalty-free sublicense"); *Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017).  Neither a patent owner nor a licensee has standing to sue, no matter what other rights each may hold, if it does not have the right to exclude.  *Morrow*, 499 F.3d at 1340-41.

To the extent the purported assignment from Barracuda to VIAAS is valid, the aforementioned scenario is precisely the case here because, according to Schedule 1.04 (titled "Software and Patent License Grant") of the amendment incorporated into the Purported VIAAS Assignment, Barracuda has a reversionary right to "***sub-licens[e] the [Asserted] Patents to any third party sued for infringement***," including Google.  (Ex. 6 at Reel: 042834/Frame: 0057 (emphasis added).)  Thus, VIAAS does not have an exclusionary right with respect to Google and is not injured by Google's alleged infringement.  *Morrow*, 499 F.3d at 1342 (explaining that "exclusionary rights" involve the ability . . . ***to "forgive activities that would normally be prohibited under the patent statutes."***) (emphasis added).  As such, VIAAS lacks Article III standing to sue Google and the Complaint should be dismissed under Rule 12(b)(1).  *See WiAV Sols.*, 631 F.3d at 1265; *Sicom Systems*, 427 F.3d at 975-76 ("The party bringing the action bears the burden of establishing that it has standing.").

**B.      VIAAS Is Not A Patentee Under 35 U.S.C. § 281**

Not only does VIAAS lack Article III standing, but it is not "a patentee" under 35 U.S.C. § 281 because VIAAS lacks "all substantial rights" in the Asserted Patents.  "[T]he critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license."  *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009).  To determine whether an assignment of patent rights was made, the court must "examine whether the agreement transferred all substantial rights" to the patents and "whether the surrounding circumstances indicated an intent

to do so." *Id.*  In determining whether an agreement constitutes an assignment (*i.e.* a transfer of "all substantial rights") or merely a license depends on the totality of the facts, not the name of the agreement. *Lone Star,* 925 F.3d at 1229; *see also Diamond Coating Techs., LLC v. Hyundai Motor Am.,* 823 F.3d 615, 618 (Fed. Cir. 2016) ("We have not ... treat[ed] bare formalities of 'title' transfer as sufficient to determine that an 'assignment' of the entire exclusive right has occurred."); *A123 Sys., Inc. v. Hydro-Quebec,* 626 F.3d 1213, 1218 (Fed. Cir. 2010) ("In determining ownership for purposes of standing, labels given by the parties do not control.  Rather, the court must determine whether the party alleging effective ownership has in fact received all substantial rights from the patent owner.").

To the extent the Purported VIAAS Assignment is valid, VIAAS has a mere license to use the Asserted Patents, not "all substantial rights" in the Asserted Patents.  *First*, VIAAS granted Barracuda the right to exploit the claimed invention.  (*See* Ex. 6 at Reel 042834/Frame: 0057 ("Buyer [VIAAS] hereby grants Seller [Barracuda] a perpetual, irrevocable, fully paid-up, worldwide and unconditional license to use, modify, and reproduce the CudaCam and Cloud Video Gateway Software for its internal business purposes.").)  *Second*, VIAAS granted Barracuda "a nonexclusive license to bring a defensive enforcement action of the 'Licensed Patents,'" which include the Asserted Patents, where Barracuda "shall have all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents." (*Id.*)  *Third*, as discussed above, VIAAS granted Barracuda the right to "sub-licens[e] the [Asserted] Patents to any third party sued for infringement." (*Id.*) *Fourth*, VIAAS is required to transfer the Asserted Patents to Barracuda at Barracuda's discretion. (*See id.* ("Should Seller [Barracuda] seek to assert any of the Licensed Patents defensively as a counterclaim to a third party lawsuit, Seller shall notify Buyer in writing.  Seller (sic) [VIAAS]

11

agrees to enter into a separate agreement legally sufficient to transfer ownership of the patent to Seller, at no additional cost . . . .").)

The above factors when taken together compel a finding that "all substantial rights" in the Asserted Patents were not transferred to VIAAS.  *See Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340–41 (Fed. Cir. 2006) (discussing how reversionary interests favoring the transferor signal, to varying degrees, a transfer of fewer than all substantial rights); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007) ("[T]he fact that a patent owner has retained a right to a portion of the proceeds of the commercial exploitation of the patent ... does not necessarily defeat what would otherwise be a transfer of all substantial rights ... [but] the fact that [the transferor] retains a substantial share of the proceeds is consistent with [transferor's] retaining ownership rights in the patent . . . ."); *Diamond Coating*, 823 F.3d at 619 ("We have held that a licensor's retention of a limited right to develop and market the patented invention indicates that the licensee failed to acquire all substantial rights." (internal quotation marks omitted)). Indeed, in view of the fact that VIAAS lacks Article III standing because it lacks exclusionary rights, *see* Section III.A, *supra*, it follows that VIAAS is also not a patentee under 35 U.S.C. § 281. *See In re Cirba Inc*., No. 2021-154, 2021 WL 4302979, at *4 (Fed. Cir. Sept. 22, 2021) ("[W]e have concluded that, under the License Agreement, [Cirba Inc.] lacks any right to exclude or any other exclusionary right against VMware.  It follows from that premise that [Cirba Inc.] lacks any statutory right under 35 U.S.C. § 281 to be a patent plaintiff in this case . . . .").

In addition to the four factors discussed above, the fact that Barracuda recently posted the '069 patent as collateral further supports the conclusion that, to the extent the purported assignment from Barracuda to VIAAS is valid, VIAAS is a mere licensee of the Asserted Patents, not "a patentee."  (*See* Ex. 10 at Reel: 061377/Frame: 0230; Ex. 11 at Reel: 061377/Frame: 0253.)  In

sum, VIAAS fails to qualify as a patentee under 35 U.S.C. § 281 and cannot sue Google in its own

name.  As such, VIAAS' Complaint should be dismissed under Rule 12(b)(6).

### C.     VIAAS's Complaint Fails To Give Rise To A Claim For Direct Infringement

#### 1.     The Complaint Lacks Factual Allegations To Raise The Reasonable Inference That Google Performs Every Step Recited In The Asserted Claims

Each of the Asserted Claims recites, in its preamble, "A method."  All of the infringement

claims in VIAAS's Complaint are based on the allegation that Google "directly infringed, and

continues to directly infringe . . . by making, using, testing, selling, offering for sale and/or

importing into the United States Defendant's Accused Products."  Dkt. 1, ¶¶ 18, 25.  "Method

claims are only infringed when the claimed process is performed, not by the sale of an apparatus

that is capable of infringing use."  *Ormco*, 463 F.3d at 1311; *see Joy Techs*, 6 F.3d at 773 ("[t]he

sale of [an apparatus capable of performing a claimed process is] not a direct infringement because

a method or process claim is directly infringed only when the process is performed").  To state a

claim for direct infringement of a method claim, the plaintiff must plausibly allege that the

performance of each limitation of the claim is attributable to the defendant.  *Akamai Techs.*, 797

F.3d at 1022.  Here, VIAAS has made no such allegation, and the law is clear that Google's

making, selling, offering for sale, or importing of the Accused Products cannot constitute direct

infringement of method claims.  *See id.*; *Ormco*, 463 F.3d at 1311; *Joy Techs*, 6 F.3d at 773–74

("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process

within the meaning of section 271(a).") (collecting cases).

To the extent VIAAS's direct infringement allegations are based on Google's "using" or

"testing" of the Accused Products, the allegations also fail because they do not allege use beyond

testing, and they lack any factual support regarding what constitutes such testing or, more

importantly, that Google performs every limitation of the Asserted Claims when performing such

13

testing. *See Akamai Techs.*, 797 F.3d at 1022.  Courts in this district have dismissed complaints for failure to state a claim when, as here, "[p]laintiff has not articulated any basis that would establish that [defendants] performed all of the elements of the claim when it tested the accused products.  Plaintiff is doing nothing more than making an assumption."  *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) ("Plaintiff's testing-based infringement allegations fall short of the requirements set forth in *Twombly* and *Iqbal*. . . . Because the Original Complaints were completely silent [on] how [defendants] could have directly infringed claim 1 during testing, they did not even rise to the level of containing 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*.").  Moreover, even if VIAAS had alleged—it has not—that Google performed every limitation of the Asserted Claims during testing, such allegations would still compel dismissal of VIAAS's complaint, because any relief based on such allegations would be inconsequential.  *See De La Vega*, 2020 WL 3528411, at *5, n.7 ("Even if Plaintiff properly alleged that [defendants] performed all the steps of claim 1 during testing, the Court is puzzled how such a narrowly-tailored lawsuit could support a broad—let alone a financially justifiable—claim for damages.  If [defendants] performed all steps of claim 1 during testing, Plaintiff's damages would be limited to the timeframe of infringement, *i.e.*, testing, which are likely to be minimal.").

As VIAAS makes no attempt to further support its allegations that Google's conduct constitutes direct infringement of any method claim, the Complaint lacks factual allegations that raise the reasonable inference that the performance of each limitation of any Asserted Claim can be attributed to Google.  Accordingly, VIAAS's direct infringement claims regarding each of the Asserted Claims should be dismissed.  *See e.g., Aftechmobile Inc. v. Salesforce.com, Inc.*, No. 19-

14

CV-05903-JST, 2020 WL 6129139, at *10–11 (N.D. Cal. Sept. 2, 2020), *aff'd*, 853 F. App'x 669 (Fed. Cir. 2021) (dismissing plaintiff's infringement claims due to plaintiff's failure to sufficiently plead direct infringement of method claims).

> **2.** **The Complaint Lacks Factual Allegations To Raise The Reasonable Inference That Any Google Product Satisfies Every Limitation Of Any Of The Asserted Claims**

A direct infringement claim "does not satisfy the standards of *Twombly* and *Iqbal* where it does not at least contain factual allegations that the accused product practices every element of at least one exemplary claim." *E.g., AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1142–43 (N.D. Cal. 2019); *see also e.Digital Corp.*, 2016 WL 4427209, at *5; *Atlas IP*, 2016 WL 1719545, at *2; *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."). While VIAAS's Complaint generally alleges that "the elements of an exemplary claim" from each of the Asserted Patents "are infringed by the Accused Products," Dkt. 1, ¶¶ 23, 30, the Complaint lacks sufficient factual matter to plausibly support those allegations. As noted above, "the failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram*, 939 F.2d at 1535. The subsections below provide further reasons for why Count I and Count II of the Complaint, respectively, should be dismissed.

> **a.** **Count I of the Complaint Lacks Sufficient Factual Allegations With Respect to the "HTTPS" Limitations of the '888 Patent**

Claim 1 of the '888 patent recites, *inter alia*, "opening an https client session; opening an https server session; [and] connecting between an https client and server." Count I of the Complaint purports to provide factual support for VIAAS's infringement allegations in a claim

chart attached to the Complaint as Exhibit C.  Dkt. 1, ¶ 23.  However, the only support that the claim chart offers regarding the aforementioned limitations of claim 1 are conclusory statements that simply parrot the claim language:  "On information and belief Google Nest devices open an https client session"; "On information and belief Google Nest devices open an https server session"; "On information and belief Google Nest devices connect between an https client and server."  Dkt. 1, Ex. C at 8-9.  Excerpts from VIAAS's claim chart appear below, demonstrating the complete lack of factual support for VIAAS's allegations.

| [1k] opening an https client session; | On information and belief Google Nest devices open an https client session. |
|---|---|

| [1l] opening an https server session; | On information and belief Google Nest devices open an https server session. |
|---|---|
| [1m] connecting between an https client and server; | On information and belief Google Nest devices connect between and https client and server. |

VIAAS's parroting of the claim language supported by nothing more than "information and belief" fails to satisfy the pleading standards.  *See e.g., Gardner v. Engenious Designs LLC*, No. 2:21-cv-02364-HLT-ADM, 2021 WL 5493054, at *3 (D. Kan. Nov. 22, 2021) ("given the conclusory assertions based largely 'on information and belief,' the lack of any specific facts, and the imprecise allegations about the identified products and type of infringement, the Court concludes that Plaintiffs' complaint does not meet even the relatively forgiving plausibility standard") (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)); *Gold*

*Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 837, n.10 (N.D. Ohio 2021) ("A claim is implausible when the complaint simply recites the claims elements or when the only factual allegations supporting it are asserted upon information and belief.") (quoting *Stephens v. Premiere Credit of N. Am., LLC*, No. 316CV00007GNSCHL, 2018 WL 505593, at *2 (W.D. Ky. Jan. 22, 2018)); *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 8:17CV478, 2018 WL 1400426, at *3 (D. Neb. Mar. 20, 2018) ("a complaint that 'simply alleges that each element of a cited claim is infringed and then parrot[s] the claim language for each element . . . simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*'") (quoting *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014)); *Telebrands Corp. v. GMC Ware, Inc.*, No. CV1503121SJOJCX, 2016 WL 6237914, at *4 (C.D. Cal. Apr. 5, 2016) ("Factual allegations based on 'information and belief' containing nothing more than a 'rote recitation' of each claim's elements and made without further facts are insufficient.") (quoting *Dallas & Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1056 (C.D. Cal. 2015)).

In view of the lack of factual support for the aforementioned limitations, one cannot reasonably infer, based on the Complaint, that those limitations are satisfied by any Google product.  Accordingly, VIAAS has failed to provide factual allegations plausibly showing that any Google product satisfies each limitation of at least one claim of the '888 patent.  Because the Complaint advances "just conclusory allegations that the accused products meet every claim limitation" and fails to "support its entitlement to relief with 'factual content,'" dismissal of Count I is warranted.  *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (citing *Bot M8*, 4 F.4th at 1353).

    **b.**    **Count II of the Complaint Lacks Sufficient Factual Allegations With Respect to the "Unique Identification" Limitations of the '069 Patent**

Claim 1 of the '069 patent recites, *inter alia*, "collecting a unique identification of the PORT" and "associating the unique identification of the PORT with the multiple representations of the event of interest determined by the PORT."  The Complaint purports to provide factual support for VIAAS's infringement allegations in a claim chart attached to the Complaint as Exhibit D.  Dkt. 1, ¶ 30.  With respect to the step of "collecting a unique identification of the PORT," VIAAS alleges that "Google Nest uses MAC addresses to uniquely identify each device.  Furthermore, users can customize device names to more easily identify them within the system."  Dkt. 1, Ex. D at 2.  With respect to the step of "associating the unique identification of the PORT with the multiple representations of the event of interest determined by the PORT," VIAAS alleges that "[e]ach video representation of an event is linked to the PORT that generated the video.  Within the app, the PORT that generated the video is displayed--in this case 'Front Yard.'"  Dkt. 1, Ex. D at 6.

VIAAS allegations are insufficient because, to the extent that VIAAS alleges that the "unique identification of the PORT" limitation is satisfied by a "MAC address [that] uniquely identif[ies] each device," the Complaint lacks any factual support that the MAC address is associated with an event of interest as required by claim 1.  To the extent that VIAAS alleges that the "unique identification of the PORT" limitation is satisfied by the phrase "Front Yard," the allegations are implausible because the phrase "Front Yard" is by no means "unique" as required by claim 1.  Most homes have a "Front Yard."  Because VIAAS's allegations regarding the "unique identification" limitations of the '069 patent are not plausible on their face, Count II of the complaint should be dismissed.  *See Twombly*, 550 U.S. at 570.

## V.    CONCLUSION

In view of the foregoing, Google respectfully requests that this Court grant Google's Motion to Dismiss VIAAS' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

Dated:  January 30, 2023                By: */s/ Mark N. Osborn*
                                        Mark N. Osborn
                                        State Bar No. 15326700
                                        mark.osborn@kempsmith.com
                                        Shelly W. Rivas
                                        State Bar No. 24003145
                                        shelly.rivas@kempsmith.com
                                        **KEMP SMITH LLP**
                                        221 N. Kansas
                                        Suite 1700
                                        El Paso, TX 79901
                                        Telephone: (915) 553-4424
                                        Facsimile: (915) 546-5360

                                        Michael A. Berta
                                        (Pro Hac Vice to be filed)
                                        michael.berta@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        Three Embarcadero Center
                                        10th Floor
                                        San Francisco, CA 94111-4024
                                        Tel: 415-471-3277

                                        Nicholas H. Lee
                                        (Pro Hac Vice to be filed)
                                        nicholas.lee@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        777 South Figueroa Street
                                        44th Floor
                                        Los Angeles, CA 90017-5844
                                        Tel: 213-243-4156

                                        Nicholas Nyemah
                                        (Pro Hac Vice to be filed)
                                        nicholas.nyemah@arnoldporter.com
                                        David McMullen, PhD
                                        (Pro Hac Vice to be filed)
                                        david.mcmullen@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 Massachusetts Ave., NW
                                        Washington, DC 20001-3743
                                        Tel: 202-942-5000

                                        *Attorneys for Defendant Google LLC.*

20

## CERTIFICATE OF SERVICE

I certify that on January 30, 2023, a copy of the foregoing was electronically filed with the

Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of

record who have consented to accept service by electronic means.

*/s/ Mark N. Osborn*
Mark N. Osborn