# Lee Declaration Exhibit 9

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2  
EPAS ID: PAT4463037

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT |

### CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| BARRACUDA NETWORKS, INC. | 06/01/2017 |

### RECEIVING PARTY DATA

| Name: | VIAAS, INC. |
|---|---|
| Street Address: | 475-B VANDELL WAY |
| City: | CAMPBELL |
| State/Country: | CALIFORNIA |
| Postal Code: | 95008 |

### PROPERTY NUMBERS Total: 3

| Property Type | Number |
|---|---|
| Patent Number: | 8194174 |
| Patent Number: | 8558888 |
| Patent Number: | 9472069 |

### CORRESPONDENCE DATA

**Fax Number:**

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| Phone: | (408) 342-5604 |
|---|---|
| Email: | mconnolly@viaas.com |
| Correspondent Name: | MATTHEW CONNOLLY |
| Address Line 1: | 475-B VANDELL WAY |
| Address Line 4: | CAMPBELL, CALIFORNIA 95008 |

| NAME OF SUBMITTER: | MATTHEW CONNOLLY |
|---|---|
| SIGNATURE: | /Matthew Connolly/ |
| DATE SIGNED: | 06/15/2017 |
| | This document serves as an Oath/Declaration (37 CFR 1.63). |

**Total Attachments: 11**
source=Approved 04 29 14 Dissolution1#page1.tif
source=Approved 04 29 14 Dissolution1#page2.tif
source=Approved 04 29 14 Dissolution1#page3.tif
source=Form 966 Corp Dissolution or Liquidation1#page1.tif

```
source=Form 966 Corp Dissolution or Liquidation1#page2.tif
source=CudaCam Documents (EXECUTED)#page1.tif
source=CudaCam Documents (EXECUTED)#page2.tif
source=CudaCam Documents (EXECUTED)#page3.tif
source=CudaCam Documents (EXECUTED)#page4.tif
source=CudaCam Documents (EXECUTED)#page5.tif
source=CudaCam Documents (EXECUTED)#page6.tif
```

**BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT**

This **BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT** (the "*Agreement*"), dated as of May 31, 2017 (the "*Effective Date*"), is entered into between Barracuda Networks, Inc., a Delaware corporation ("*Seller*") and VIAAS, Inc. a Delaware corporation ("*Buyer*").

**WHEREAS**, Seller and Buyer have entered into a certain Asset Purchase Agreement, dated as of the May 11, 2017 (the "*Purchase Agreement*"), pursuant to which, among other things, Seller has agreed to sell and assign all of its rights, title and interests in, and Buyer has agreed to purchase and assume all of Seller's duties and obligations under, the Purchased Assets (as defined in the Purchase Agreement).

**NOW, THEREFORE**, in consideration of the mutual covenants, terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Definitions**. All capitalized terms used in this Agreement but not otherwise defined herein are given the meanings set forth in the Purchase Agreement.

2. **Assignment and Assumption**. Seller hereby sells, assigns, transfers, conveys and delivers to Buyer, its successors and assigns, to have and to hold forever, on an "as is, where is" basis and without any representation or warranty on the part of Seller except as expressly set forth in the Purchase Agreement, all of Seller's right, title and interest in and to the Purchased Assets. Buyer hereby accepts such assignment of the Purchased Assets and assumes all of the Assumed Liabilities and agrees to pay, perform and discharge, as and when due, all of such Assumed Liabilities.

3. **Successors and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns.

4. **Governing Law**. This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction).

5. **Submission to Jurisdiction**. Any legal suit, action or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby may be instituted in the federal courts of the United States of America or the courts of the State of California in each case located in the city of San Jose and county of Santa Clara, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

6. **Waiver of Jury Trial**. Each party acknowledges and agrees that any controversy which may arise under this Agreement is likely to involve complicated and difficult issues and, therefore, each such party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Agreement or the transactions contemplated hereby.

7. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

[SIGNATURE PAGE FOLLOWS]

OHSUSA:766789679.1

PATENT
REEL: 042834 FRAME: 0052

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**Barracuda Networks, Inc.**

*[signature]*

**Name:** Dustin Driggs

**Its:** CFO


**VIAAS, Inc.**

*[signature]*

**Name:** Matthew Connolly

**Its:** President

SIGNATURE PAGE TO BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT

**PATENT**
**REEL: 042834 FRAME: 0053**

# AMENDMENT NO.1 TO ASSET PURCHASE AGREEMENT

This Amendment No. 1 ("Amendment"), effective as of  06/09/17 , 2017, (the "Amendment Effective Date"), is entered into by and between Barracuda Networks, Inc., a Delaware corporation ("*Seller*") and VIAAS, Inc., a Delaware corporation ("*Buyer*").

## RECITALS

Seller and Buyer are parties to, and desire to amend as described herein, the Asset Purchase Agreement dated May 11, 2017 (the "Agreement"). Unless otherwise defined, capitalized terms in this Amendment shall have the same meaning as in the Agreement.

In consideration of the mutual covenants contained herein, and for other good and valuable consideration, receipt and sufficiency of which are hereby acknowledged, the parties modify and amend the Agreement as follows:

## AMENDMENT

1. Section 1.04 "Sale Consideration" is modified to delete the first sentence in its entirety and replace it with the following:
   In consideration for Seller selling the Purchased Assets, Buyer assuming all liabilities and risk related to the Transferred Contracts (as defined below) and the performance of the underlying contracts, Seller shall pay to Buyer the following amounts: (i) $250,000 USD to be paid on the Effective Date of the Agreement; and (ii) $550,000 to be paid on the Amendment Effective Date.
2. Schedule 1.03 "Access to Barracuda Systems", is attached hereto and hereby incorporated by reference into the Agreement.
3. Schedule 1.04 "Software and Patent License Grant", is attached hereto and hereby incorporated by reference into the Agreement.
4. Except as expressly amended by this Amendment, all terms and conditions of the Agreement shall continue in full force and effect. This Amendment and the Agreement constitute the entire agreement of the parties with respect to the subject matter hereof and supersede all prior or contemporaneous oral or written agreements of the parties relating thereto. In the event of any inconsistency between the Agreement and this Amendment, the terms of this Amendment shall control. This Amendment may be signed in counterparts.

PATENT
REEL: 042834 FRAME: 0054

IN WITNESS WHEREOF, the parties have executed this Amendment as of the date written below.

| Barracuda Networks, Inc. | VIAAS, Inc. |
|---|---|
| Signature: *[signed]* | Signature: *[signed]* |
| Printed Name: Dustin Driggs | Printed Name: Matthew Connolly |
| Title: CFO | Title: President |
| Date: 06/09/17 | Date: 06/09/17 |

<u>Schedule 1.03</u>
<u>Access to Barracuda Systems</u>

Buyer will have system access continuity to internal Barracuda systems, as set forth in this Schedule.

**Barracuda Order System (BOS):** Buyer will receive a download of data from BOS on May 31, 2017. Buyer will not have further access to the BOS system.

**Salesforce:** The following employees of Buyer will have access to Salesforce until June 30, 2017:
- Ruben Taporco
- Ben Sanford
- Matt Connolly
- Daniel Vinson

**Email Forwarding:** Buyer's Barracuda.com email addresses will be forwarded to Buyer's email addresses until July 31, 2017.

**Phone Connectivity:** Buyer may continue to use the same phone hardware and phone numbers until December 31, 2017.

PATENT
REEL: 042834 FRAME: 0056

**Schedule 1.04**
**Software and Patent License Grant**

### 1. Grant of Software License from Buyer to Seller

**Buyer hereby grants to Seller** a perpetual, irrevocable, fully paid-up, worldwide and unconditional license to use, modify, and reproduce the CudaCam and Cloud Video Gateway Software (the "Software") for its internal business purposes. Buyer will provide ongoing support and maintenance for the Software to Seller at no additional cost for so long as Seller continues to utilize the Software.

### 2. Transfer of Patent Ownership from Seller to Buyer

Buyer may request transfer of the patents issued with the following application numbers from Seller and Seller will transfer such patents upon request. Buyer will bear all reasonable costs associated with such transfer.
- Appln. No. 12/511,822
- Appln. No. 12/395,437
- Appln. No. 13/666,879

### 3. Grant of Patent License from Buyer to Seller.

Buyer hereby grants to Seller a worldwide, perpetual, fully paid-up license to Appln. No. 12/511,822, Appln. No. 12/395,437, and Appln. No. 13/666,879 and any continuations, divisionals, continuations-in-part, extensions, reissues, reexaminations, any patents claiming priority to any of the foregoing, and all foreign counterparts of any of the foregoing ("the Licensed Patents."). Buyer hereby further grants buyer a non-exclusive license to bring a defensive enforcement action of the Licensed Patents. Seller shall have all rights to settle or collect damages, compensation or any other recovery or legal or equitable relief of any nature for any past, present, or future infringement of the Patents including sub-licensing the Patents to any third party sued for infringement._ Should Seller seek to assert any of the Licensed Patents defensively as a counterclaim to a third party lawsuit, Seller shall notify Buyer in writing.  Seller agrees to enter into a separate agreement legally sufficient to transfer ownership of the patent to Seller, at no additional cost for the transfer, if necessary, during the pendency of the action, conditioned on the patent ownership reverting back to Buyer, at no additional cost for the transfer, upon conclusion of the action or sooner if the transferred patent is no longer part of the action.   Seller shall be responsible for all litigation and other costs (including attorneys' fees) associated with asserting the Licensed Patents in any action, including litigations and/or re-examinations.



PAGE 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF DISSOLUTION OF "THIRD IRIS, INC.", FILED IN THIS OFFICE ON THE TWENTY-NINTH DAY OF APRIL, A.D. 2015, AT 1:49 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE KENT COUNTY RECORDER OF DEEDS.

4556965  8100

150584523

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State
AUTHENTICATION: 2335200

DATE: 04-29-15

PATENT
REEL: 042834 FRAME: 0058

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 02:31 PM 04/29/2015*
*FILED 01:49 PM 04/29/2015*
*SRV 150584523 - 4556965 FILE*

# CERTIFICATE OF DISSOLUTION
# OF
# THIRD IRIS, INC.

Third Iris, Inc., a corporation organized and existing under the General Corporation Law of the State of Delaware (the "*Corporation*"), hereby certifies as follows:

1. The dissolution of the Corporation has been duly authorized by the Board of Directors and sole stockholder of the Corporation in accordance with subsections (a) and (b) of Section 275 and by unanimous consent of Stockholders in accordance with subsection (c) of Section 275 of the General Corporation Law of the State of Delaware.

2. The date of filing of the Corporation's original Certificate of Incorporation in Delaware was June 4, 2008.

3. The authorized effective date of the dissolution is April 30, 2015.

4. The names and addresses of the directors of the Corporation are as follows:

| NAME | TITLE | ADDRESS |
|---|---|---|
| David Faugno | Director | 3175 Winchester Blvd. Campbell, CA 95008 |
| Diane Honda | Director | 3175 Winchester Blvd. Campbell, CA 95008 |

5. The Corporation currently has no officers.

IN WITNESS WHEREOF, Third Iris, Inc. has caused this Certificate of Dissolution to be signed by Diane Honda, its Director, this 28th day of April 2015.

By: /s/ Diane Honda
Diane Honda
Director

PATENT
REEL: 042834 FRAME: 0060

| Form **966**<br>(Rev. December 2010)<br>Department of the Treasury<br>Internal Revenue Service | **Corporate Dissolution or Liquidation**<br>(Required under section 6043(a) of the Internal Revenue Code) | OMB No. 1545-0041 |
|---|---|---|

Please type or print

| Name of corporation | Employer identification number |
|---|---|
| THIRD IRIS, INC. | 26-2853884 |

| Number, street, and room or suite no. (If a P.O. box number, see instructions.) | Check type of return |
|---|---|
| 1679 S. Dupont, Hwy Ste 100 | ☐ 1120  ☐ 1120-L |
| City or town, state, and ZIP code | ☐ 1120-IC-DISC  ☐ 1120S |
| Dover, DE 19901 | ☐ Other ▶ |

| 1 Date incorporated | 2 Place incorporated | 3 Type of liquidation | 4 Date resolution or plan of complete or partial liquidation was adopted |
|---|---|---|---|
| 2008/06/04 | Delaware | ☑ Complete  ☐ Partial | |

| 5 Service Center where corporation filed its immediately preceding tax return | 6 Last month, day, and year of immediately preceding tax year | 7a Last month, day, and year of final tax year | 7b Was corporation's final tax return filed as part of a consolidated income tax return? If "Yes," complete 7c, 7d, and 7e.<br>☐ Yes  ☐ No |
|---|---|---|---|
| | | | |

| 7c Name of common parent | 7d Employer identification number of common parent | 7e Service Center where consolidated return was filed |
|---|---|---|
| Barracuda Networks, Inc. | 83-0380411 | |

| | | Common | Preferred |
|---|---|---|---|
| 8 | Total number of shares outstanding at time of adoption of plan of liquidation . . . . . | 1,000 | |
| 9 | Date(s) of any amendments to plan of dissolution . . . . . . . . . . . . . . | | |
| 10 | Section of the Code under which the corporation is to be dissolved or liquidated . . . | | |
| 11 | If this form concerns an amendment or supplement to a resolution or plan, enter the date the previous Form 966 was filed. . . . . . . . . . . . . . . . . . . | | |

**Attach a certified copy of the resolution or plan and all amendments or supplements not previously filed.**

Under penalties of perjury, I declare that I have examined this form, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ _____  _____  _____
Signature of officer        Title                    Date

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Who Must File

A corporation (or a farmer's cooperative) must file Form 966 if it adopts a resolution or plan to dissolve the corporation or liquidate any of its stock.

Exempt organizations and qualified subchapter S subsidiaries should not file Form 966. Exempt organizations should see the instructions for Form 990, Return of Organization Exempt From Income Tax, or Form 990-PF, Return of Private Foundation or Section 4947(a)(1) Nonexempt Charitable Trust Treated as a Private Foundation. Subchapter S subsidiaries should see Form 8869, Qualified Subchapter S Subsidiary Election.

 *Do not file Form 966 for a deemed liquidation (such as a section 338 election or an election to be treated as a disregarded entity under Regulations section 301.7701-3).*

## When To File

File Form 966 within 30 days after the resolution or plan is adopted to dissolve the corporation or liquidate any of its stock. If the resolution or plan is amended or supplemented after Form 966 is filed, file another Form 966 within 30 days after the amendment or supplement is adopted. The additional form will be sufficient if the date the earlier form was filed is entered on line 11 and a certified copy of the amendment or supplement is attached. Include all information required by Form 966 that was not given in the earlier form.

## Where To File

File Form 966 with the Internal Revenue Service Center at the address where the corporation (or cooperative) files its income tax return.

## Distribution of Property

A corporation must recognize gain or loss on the distribution of its assets in the complete liquidation of its stock. For purposes of determining gain or loss, the

For Paperwork Reduction Act Notice, see page 2.    Cat. No. 17053B    Form **966** (Rev. 12-2010)

PATENT
REEL: 042834 FRAME: 0061

distributed assets are valued at fair market value. Exceptions to this rule apply to a liquidation of a subsidiary and to a distribution that is made according to a plan of reorganization.

### Foreign Corporations

A corporation that files a U.S. tax return must file Form 966 if required under section 6043(a). Foreign corporations that are not required to file Form 1120-F, U.S. Income Tax Return of a Foreign Corporation, or any other U.S. tax return are generally not required to file Form 966.

U.S. shareholders of foreign corporations may be required to report information regarding a corporate dissolution or liquidation. See Form 5471, Information Return of U.S. Persons With Respect To Certain Foreign Corporations, and its instructions for more information.

### Address

Include the suite, room, or other unit number after the street address. If mail is not delivered to the street address and the corporation has a P.O. box, enter the box number instead of the street address.

### Line 5

If the immediately preceding tax return was filed electronically, enter "efile" on line 5.

### Line 7e

If the consolidated return was filed electronically, enter "efile" on line 7e.

### Line 10

Identify the code section under which the corporation is to be dissolved or liquidated. For example, enter "section 331" for a complete or partial liquidation of a corporation or enter "section 332" for a complete liquidation of a subsidiary corporation that meets the requirements of section 332(b).

### Signature

The return must be signed and dated by the president, vice president, treasurer, assistant treasurer, chief accounting officer, or any other corporate officer (such as tax officer) authorized to sign. A receiver, trustee, or assignee must sign and date any return required to be filed on behalf of a corporation.

### Paperwork Reduction Act Notice

We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

**Recordkeeping** . . . . . . . . . . 5 hr., 1 min.

**Learning about the law or the form** . . . .30 min.

**Preparing and sending the form to the IRS** .36 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the tax form to this office. Instead, see *Where To File* on page 1.

RECORDED: 06/15/2017

PATENT
REEL: 042834 FRAME: 0062