IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VIAAS INC,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC.,<br><br>    Defendant. | Case No. 6:22-01048-KC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM UNDER RULES 12(b)(1) and 12(b)(6)**

## I. INTRODUCTION

On January 30, 2023, GOOGLE LLC ("Google") filed a Motion to Dismiss VIAAS's ("VIAAS") Compliant[1] under Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) ("Google's Motion").[2] VIAAS opposes Google's Motion as follows:

## II. INTRODUCTION

Attached as Exhibits A and B to VIIAS complaint[3] are the 8,558,888 Patent ("the '888 Patent") and the 9,472,069 Patent ("the '069 Patent") (the "Patents-in-Suit.)

Attached as Exhibits to this Response are the following:

- Exhibit A- The Certificate of Dissolution of Third Iris, Inc.
- Exhibit B- The Corporate Dissolution or Liquidation of Third Iris, Inc, ("Third Iris") listing Barracuda Networks, Inc. ("Barracuda") as the common parent.
- Exhibit C- The Bill of Sale and Assumption Agreement between Barracuda and VIAAS
- Exhibit D- An email correspondence string between VIASS and Barracuda requesting execution of the "patent assignment" process, with confirmation from Barracuda.

The attached documents demonstrate the chain-of-title of the Patents-in-Suit from Third Iris, Inc. to VIIAS as follows: Upon dissolution of Third Iris, (Exhibit A), as common parent to Third Iris, Barracuda acquired all of Third Iris's assets, including the Patents-in-Suit. (Exhibit B). On May 31, 2017, Barracuda agreed to convey U.S. Patent Application Nos. 12/395,437 (the '888 Patent) and 13/666,879 (the '069 Patent) (Exhibit C at 6, Schedule 1.04 (2). On June 12, 2017, Matt Connolly of VIIAS sent an email correspondence to Sophia Valentim (Exhibit D) requesting assignment of the Patents-in-Suit. On the same day, Ms. Valentim confirmed the request for assignment.

---

[1] Doc. No. 1
[2] Doc. No. 10.
[3] Doc. No. 1-1.

## III. LEGAL STANDARD

### A. Article III Standing and 35 U.S.C. § 281.

VIAAS does not disagree with Google in citing, "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer a legal injury." *WiAV Sols. LLC v Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010).

Further, as stated by Google, Section 281 authorizes only the "patentee" to bring an action for patent infringement. 35 U.S.C. § 281. Whether an assignment took place does not depend on labels but on an examination of the "totality" of an agreement to determine whether the patent owner transferred "all substantial rights" in the patent to another party. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp*. 935 F.3d 1225, 1229. (Fed. Cir. 2019.)

The question of ownership of patent rights, normally based on rights established by contract, is therefore typically a question exclusively for state courts. *Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1572, 42 USPQ2d 1119, 1123 (Fed.Cir.1997). *IMATEC, Ltd. v. Apple Computer, Inc.,* 15 F. App'x 887, 892 (Fed. Cir. 2001). If the contract is subject to more than one reasonable interpretation after applying the pertinent rules of contract construction, then the contract is ambiguous and there is a fact issue regarding the parties' intent. *El Paso Field Servs.,* 389 S.W.3d at 806; *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex.2003). *In re ProvideRx of Grapevine, LLC,* 507 B.R. 132, 153 (Bankr. N.D. Tex.) 2014.

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail,

"but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v Switzer,* 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." *Bustos v Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir. 2010). (*See, Script Security Solutions, LLC* v *Amazon, Inc.*, 170 F. Supp.3d 928 (E.D. Texas 2016)).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir.2011)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner,* 562 U.S. at 530, 131 S.Ct. 1289. The "short and plain" statement does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (2014) (citing 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002)) (Rule 8(a)(2)) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities")). *Script Sec. Sols.,* 170 F. Supp. 3d 928, 936.

A patent grants to the patentee "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States." 35 U.S.C. § 154(a)(1). Thus, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (*See, also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC,* 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021), a defendant has fair notice of a direct infringement claim if

5

the complaint specifically identifies the allegedly infringing product and the patent the product infringes.)

## IV. ARGUMENT

### A. VIAAS Has Standing to Sue Google as Owner of the Patents-in-Suit.

VIAAS concedes that the Bill of Sale, Assignment and Assumption Agreement (Exhibit C), in and of itself does not convey title of the Patents-in-Suit from Barracuda to VIAAS. However, as stated in Schedule 1.04, paragraph 2 (Exhibit C), "[VIAAS] may request transfer of the [patents-in-suit] and [Barracuda] will transfer such patents upon request." To that end, VIAAS submits that it invoked this request in its June 12, 2017 email to Barracuda (Exhibit D), "[VIAAS] requests transfer of the [Patents-in-Suit] per Schedule 1.04, Section 2 … to Asset Purchase Agreement." VIAAS believed that this "request", with subsequent confirmation of Barracuda (Exhibit D) satisfy and give rise to the parties' intent that the transfer of the Patents-in-Suit occurred on the "request."

Therefore, as VIAAS in the proper owner of the Patents-in-Suit, and was so at the time the present action was commended against Google, Google's 12(b)(1) Motion should be denied.

### B. VIAAS has Adequately and Sufficiently Stated a Claim of Patent Infringement Against Google.

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260. (*See, also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC,* 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021), a defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.)

1. **VIAAS sets forth a plausible allegation of direct infringement of the Asserted Claims, given that it fails to allege that Google performs each of the recited method steps**

In *CLS Bank Int'l v. Alice Corp. Pty.,* 667 F. Supp. 2d 29, 31 (D.D.C. 2009), the court stated that "one who 'sells' or 'offers to sell' each and every step of a patented method infringes the patent." 667 F. Supp. 2d at 37. In *WesternGeco L.L.C.*, relying in part on *CLS Bank Int'l,* the Court found that "it is clear that the alleged infringer must sell the performance of the process itself in order for the sale to be actionable as direct infringement." 869 F. Supp. 2d at 799. The court in *Optigen, LLC* also followed *CLS Bank Int'l* to reach a similar conclusion. *See* 777 F. Supp. 2d at 402-03 (rejecting defendant's argument the "offers to sell" or "sells" prongs of § 271(a) do not apply to method patents "[f]or the reasons articulated ... in *CLS Bank*"). Based on current authority, *performance* seems to be the key component of a method patent infringement claim; and in cases based on the "offers to sell" or "sells" prongs of section 271(a), a plaintiff must show that the infringer *sold or offered to sell its performance of all steps of the patented method. See WesternGeco L.L.C.*, 869 F. Supp. 2d at 799 ("Because it cannot actually perform [Plaintiff's] patented methods, and does not offer to do so, [Defendant] does not sell or offer to sell the performance of those methods."); *Ricoh Co.*, 550 F.3d at 1335 (recognizing a distinction between "a sale of ... instructions to perform a process rather than performance of the process itself"). In other words, in cases brought under the "offers to sell" and "sells" prongs of § 271(a), it seems it is not the act of performing all of the steps of the method—as in "use" cases—that results in infringement, it is the offer to sell or selling of *the transactional obligation to perform all steps of the method* that results in infringement. *Crystaphase Prod., Inc. v. Criterion Catalysts & Techs., LP,* No. 3:17-CV-00265, 2018 WL

4266237, at *4 (S.D. Tex. Aug. 20, 2018), report and recommendation adopted, No. 3:17-CV-00265, 2018 WL 4257916 (S.D. Tex. Sept. 6, 2018).

Following the rational of the above-referenced cases, VIAAS submits that it has adequately pled direct infringement of the asserted claims of the Patents-in-Suit.

    2. **VIAAS sets forth a plausible allegation of infringement for claim 1 of U.S. Patent No. 8,558,888, given that the Complaint lacks sufficient factual allegations with respect to the "HTTPS" limitations**

Referring to claims [1k], [1l], and [1m] of the claim chart to the '888 Patent,[4] "Fair notice," requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260. To that end, VIAAS submits that its complaint and claim chart have adequately provided Google with proper "fair notice" of its infringement claim for the '888 Patent.

    3. **VIAAS sets forth a plausible allegation of infringement for claim 1 of U.S. Patent No. 9,472,069, given that the Complaint lacks sufficient factual allegations with respect to the "unique identification" limitations**

As alleged, in VIAAS's Complaint and Claim Charts[5], VIIAS has alleged with factual support that Google has infringed each and every element of claim 1 of the '069 Patent, thus providing "fair notice" under *Disc Disease*. "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Morgan Stanley Dean Witter*, 224 F.3d at 498 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The "plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260

---

[4] Doc. 1-1, Ex. C, 8-9.
[5] Doc No. 1-1, Ex, D (Claim Charts for the '069 Patent.)

(Fed. Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).[6] Here, VIIAS has gone above and beyond the requirements of the pleading stage. The fact that Google disagrees with VIIASs claim interpretation and infringement read is not a proper basis for dismissal of the complaint with a 12(b)(6) motion.

## V.   REQUEST TO FILE AN AMENDED COMPLAINT

While VIAAS believes that it has provided the Court with adequate basis to deny Google's Motion in its entirety, in the event the Court grants relief to Google in any form, VIAAS respectfully requests leave to file an amended complaint.

## VI.   CONCLUSION

For the foregoing reasons, VIAAS respectfully requests that the Court deny Google's Motion in its entirety.

Dated: February 27, 2023,                              Respectfully Submitted

**Ramey LLP**

/s/William P. Ramey III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for VIAAS, Inc.*

---

[6] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner,* 562 U.S. at 530, 131 S.Ct. 1289.

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of February 27, 2023, with a copy of the foregoing via ECF.

/s/ William P. Ramey III
William P. Ramey, III
