**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIAAS INC., <br><br> Plaintiff, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | § § § § § § § § § § § § § § § § <br> **CIVIL ACTION NO. 6:22-cv-01048-KC** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT GOOGLE LLC'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF STANDING
AND FAILURE TO STATE A CLAIM UNDER RULES 12(b)(1) AND 12(b)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. VIAAS Lacks Standing to Sue for Infringement of the Asserted Patents .................................................................................................................2

        1. Third Iris Corp., Not VIAAS, Owns the Asserted Patents ..................................................................................................................2

        2. To the Extent VIAAS Does Have an Ownership Interest in the Asserted Patents, VIAAS Fails to Address Barracuda's Right to Sub-License the Asserted Patents to Google ...................................................................................................................3

    B. VIAAS Is Not a Patentee Under 35 U.S.C. § 281 .................................................4

    C. VIAAS's Response Underscores VIAAS's Lack of Standing .............................5

    D. VIAAS Should Not Be Granted Leave to Amend Its Complaint .........................6

    E. VIAAS's Complaint Fails to Give Rise to a Claim for Direct Infringement ..............................................................................................................7

        1. VIAAS Fails to Allege That Google Performs Every Recited Step ..................................................................................................................7

        2. VIAAS Fails to Raise a Reasonable Inference That Any Google Product Satisfies Every Limitation of Any Asserted Claim ...................................................................................................................9

            a. Count I of the Complaint Lacks Sufficient Factual Allegations with Respect to the "HTTPS" Limitations of the '888 Patent ......................................9

            b. Count II of the Complaint Lacks Sufficient Factual Allegations with Respect to the "Unique Identification" Limitations of the '069 Patent ..............................9

III. CONCLUSION ...................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010)...............................................................................................1

*Antenna Sys., Inc. v. AQYR Techs., Inc.*,
    976 F.3d 1374 (Fed. Cir. 2020).................................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................2

*AsymmetRx, Inc. v. Biocare Med., LLC*,
    582 F.3d 1314 (Fed. Cir. 2009).................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................2

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................................9, 10

*CLS Bank Int'l v. Alice Corp. Pty.*,
    667 F. Supp. 2d 29 (D.D.C. 2009) ...........................................................................................7

*Crystaphase Prod., Inc. v. Criterion Catalysts & Techs., LP*,
    No. 3:17-CV-00265, 2018 WL 4266237 (S.D. Tex. Aug. 20, 2018) .......................................8

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*,
    93 F.3d 774 (Fed. Cir. 1996).....................................................................................................6

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993).......................................................................................................7

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019).................................................................................................4

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007).................................................................................................4

*Optigen, LLC v. Int'l Genetics, Inc.*,
    777 F. Supp. 2d 390 (N.D.N.Y. 2011)......................................................................................8

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006).................................................................................................7

*Ottah v. Fiat Chrysler*,
    884 F.3d 1135 (Fed. Cir. 2018) ............................................................................................... 10

*Ricoh Co. Ltd. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed.Cir.2008) ................................................................................................... 7

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198 (Fed. Cir. 2005) ................................................................................................. 6

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005) ................................................................................................... 3

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000) ................................................................................................. 4

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................................................... 1

*Varela v. Gonzales*,
    773 F.3d 704 (5th Cir. 2014) ..................................................................................................... 6

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................... 9

*WesternGeco L.L.C. v. ION Geophysical Corp.*,
    869 F. Supp. 2d 793 (S.D. Tex. 2012) ...................................................................................... 8

*WiAV Sols. LLC v Motorola, Inc.*,
    631 F.3d 1257 (Fed. Cir. 2010) ............................................................................................ 3, 4

**I.       INTRODUCTION**

Defendant Google LLC ("Google") submits this Reply in support of its Motion to Dismiss for Lack of Standing and Failure to State a Claim (Dkt. 10 ("Mot.")), in which Google presented multiple grounds, all of which warrant dismissal of Plaintiff VIAAS, Inc. ("VIAAS")'s Complaint (Dkt. 1).  VIAAS's Response (Dkt. 22 ("Resp.")) fails to sufficiently address any of those grounds.

Google demonstrated that the record evidence reveals that Third Iris **Corp.** is the owner of the Asserted Patents.  Rather than grapple with that showing, VIAAS presents evidence concerning a different company: Third Iris, **Inc.**  None of the evidence that VIAAS cites even mentions the record owner, Third Iris Corp.

Furthermore, even if VIAAS actually had limited rights with respect to the Asserted Patents, it would still lack standing because—even under VIAAS' unsupported ownership chain—Google would be free to get a license from a third-party: Barracuda.  Since VIAAS does not have sufficient exclusionary rights and does not have "all substantial rights" in the Asserted Patents, it lacks standing.  And because VIAAS did not have standing when it brought this case and that lack of standing cannot be cured by events that take place after VIAAS sued Google, the Court should dismiss the case instead of giving VIAAS leave to amend its complaint to try to cure an incurable.

Finally, VIAAS's infringement allegations are fatally deficient.  VIAAS's cited cases make clear that the accused infringer must sell or offer to sell its performance of every step recited in the asserted method claims—something that VIAAS cannot do for Google.  Moreover, for certain claim limitations, VIAAS does no more than assert in conclusory fashion that Google meets those limitations.  Indeed, VIAAS never explains how Google could perform those limitations given that the limitations are inconsistent with the features on which VIAAS relies.

The Court should dismiss this case.

**II.      ARGUMENT**

To bring suit, VIAAS must satisfy both constitutional standing under Article III and be "a patentee" under 35 U.S.C. § 281.  *Spokeo, Inc. v. Robin*s, 136 S. Ct. 1540, 1547 (2016); *Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010).  For the

reasons discussed in Google's Motion, VIAAS fails both requirements. VIAAS's Response does not even address, let alone rebut, the arguments raised in Google's Motion concerning VIAAS's lack of standing and "patentee" status under Article III and Section 281, respectively.

While VIAAS's lack of standing, and of "patentee" status, provide independent bases for dismissing VIAAS's Complaint, dismissal is also warranted in view of VIAAS's failure to raise the reasonable inferences that Google directly infringes the Asserted Patents, or that any Google product satisfies every limitation of any Asserted Claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. VIAAS Lacks Standing to Sue for Infringement of the Asserted Patents

"[A]n exclusionary right" in the Asserted Patents is necessary for VIAAS to satisfy the standing requirement of Article III. VIAAS agrees. *See* Resp. at 3 ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer a legal injury."). Google's Motion adduces evidence showing two reasons why VIAAS lacks "an exclusionary right." First, the public record shows that Third Iris Corp., not VIAAS, owns the Asserted Patents. Second, to the extent VIAAS had obtained an ownership interest in the Asserted Patents—it has not—Google would have the ability to license the Asserted Patents from Barracuda Networks, Inc. ("Barracuda"). Mot. at 8–10. VIAAS fails even to address, let alone rebut those issues, and both are fatal to VIAAS's Complaint.

#### 1. Third Iris Corp., Not VIAAS, Owns the Asserted Patents

Google presents unrebutted evidence that Third Iris Corp., not VIAAS, owns the Asserted Patents. Mot. at 8–9. The sole inventor of the Asserted Patents, Mr. Roskowski, assigned the Asserted Patents to Third Iris Corp. (a Cayman Islands corporation) on March 2, 2009. *Id.* (citing Mot., Ex. 4 at Reel: 022333 / Frame: 0480). And, no documents recorded with the USPTO, identified in the Complaint, or cited in VIAAS's Response, evince a transfer of the Asserted Patents from Third Iris Corp. back to Mr. Roskowski (or any other person or entity) thereafter.

Thus, the unrebutted record shows that Third Iris Corp. remains the owner of the Asserted Patents.

VIAAS's Response does not disturb the conclusion that Third Iris Corp. owns the Asserted Patents. In fact, neither VIAAS's Response nor the exhibits cited therein even mention Third Iris **Corp.** In attempting to cure the gaping hole in the chain of title for the Asserted Patents, VIAAS points to a "Certificate of Dissolution" (Resp., Ex. A (Dkt. 22-3)) and "Corporate Dissolution or Liquidation" (Resp., Ex. B (Dkt. 22-4)) form for Third Iris, **Inc.** (a Delaware corporation), and alleges that "[u]pon dissolution of Third Iris [Inc.], as common parent to Third Iris [Inc.], Barracuda acquired all of Third Iris [Inc.]'s assets, including the Patents-in-Suit." Resp. at 2.[1] But Third Iris, Inc. is not Third Iris Corp. and neither of the documents relied upon by VIAAS even mentions Third Iris Corp. In fact, Third Iris, Inc. is irrelevant because there is no evidence showing that Third Iris, Inc. has ever had any rights in the Asserted Patents to transfer. Because VIAAS's Response does not address Third Iris Corp., and because it fails to show how the Asserted Patents were allegedly transferred to Third Iris, Inc., the undisputed record still shows that Third Iris Corp., not VIAAS, is the owner of the Asserted Patents. Accordingly, VIAAS does not have an exclusionary right in the Asserted Patents and cannot satisfy its burden to establish standing under Article III. *See WiAV Sols. LLC v Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) ("The party bringing the action bears the burden of establishing that it has standing.").

        **2.    To the Extent VIAAS Does Have an Ownership Interest in the Asserted Patents, VIAAS Fails to Address Barracuda's Right to Sub-License the Asserted Patents to Google**

Even if VIAAS did have an ownership interest in the Asserted Patents—it does not— VIAAS would still lack Article III standing because Google would have the ability to license the Asserted Patents from Barracuda. As stated above, if an accused infringer "has the ability to obtain" a license to the patent "from another party with the right to grant it," then the plaintiff "does not have an exclusionary right with respect to the alleged infringer and thus is not injured

---

[1] Exhibits A and B to VIAAS's Response were also included in Exhibit 6 to Google's Motion.

by the alleged infringer." *WiAV Sols.*, 631 F.3d at 1265-66; *see also Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1251 (Fed. Cir. 2000) (explaining that the right to sue is "illusory" when one party "can render that right nugatory by granting the alleged infringer a royalty-free sublicense").

As explained in Google's Motion and confirmed by VIAAS's own Exhibit C,[2] Schedule 1.04 of the amendment incorporated into the Purported VIAAS Assignment states that Barracuda has a right to "sub-licens[e] the [Asserted] Patents to any third party sued for infringement," including Google. Mot. at 10 (citing Mot., Ex. 6 at Reel: 042834 / Frame: 0057). VIAAS's Response does not address this fatal issue. Thus, the unrebutted evidence shows that VIAAS does not have an exclusionary right. *See Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1342 (Fed. Cir. 2007) (explaining that those that hold less than all substantial rights to a patent and lack exclusionary rights under the patent statutes lack constitutional standing to sue for patent infringement). For this additional reason, VIAAS lacks Article III standing to sue Google and VIAAS's Complaint should be dismissed under Rule 12(b)(1). *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019).

### B.   VIAAS Is Not a Patentee Under 35 U.S.C. § 281

Not only does VIAAS lack Article III standing, Google presented unrebutted evidence that VIAAS is not "a patentee" under Section 281 because VIAAS lacks "all substantial rights" in the Asserted Patents. *See* Mot. at 10–12; *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009). Even assuming *arguendo* that the Purported VIAAS Assignment is valid, VIAAS would have a mere license to use the Asserted Patents. The totality of undisputed facts shows that Barracuda would hold "all substantial rights" in the Asserted Patents. Mot. at 12 (citing *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340–41 (Fed. Cir. 2006); *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007); *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 619 (Fed. Cir. 2016); *In re Cirba Inc.*, No. 2021-154, 2021 WL 4302979, at *4 (Fed. Cir. Sept. 22, 2021)). Those undisputed facts include the following: pursuant to the

---

[2] Exhibit C to VIAAS's Response is the same "Purported VIAAS Assignment" that Google included in Exhibit 6 to its Motion.

Purported VIAAS Assignment, (1) VIAAS granted Barracuda the right to exploit the claimed invention, (2) VIAAS granted Barracuda a nonexclusive license to bring a defensive enforcement action of the Asserted Patents, (3) VIAAS granted Barracuda the right to sublicense the Asserted Patents to any third party sued for infringement, and (4) VIAAS is required to transfer the Asserted Patents to Barracuda at Barracuda's discretion. Mot. at 11 (citing Mot., Ex. 6 at Reel: 042834 / Frame: 0057). VIAAS's Response does not even address these issues. In sum, the undisputed record shows that VIAAS is not a patentee under Section 281. As a result, VIAAS's Complaint should be dismissed under Rule 12(b)(6). *See Antenna Sys., Inc. v. AQYR Techs., Inc*., 976 F.3d 1374, 1379 (Fed. Cir. 2020).

### C. VIAAS's Response Underscores VIAAS's Lack of Standing

VIAAS's bare-bones Response actually supports Google's arguments that VIAAS lacks standing under Article III and that VIAAS is not a patentee under Section 281. "VIAAS concedes that the Bill of Sale, Assignment and Assumption Agreement (Exhibit C), in and of itself does not convey title of the Patents-in-Suit from Barracuda to VIAAS." Resp. at 6. The only piece of evidence that VIAAS offers in its attempt to demonstrate a transfer of the Asserted Patents from Barracuda to VIAAS is an email exchange between Mathew Connolly of VIAAS and Sophia Valentim of Barracuda on June 12, 2017. VIAAS argues that that email exchange shows that it and Barracuda "intended that the transfer of the Patents-in-Suit [from Barracuda to VIAAS] occurred on [June 16, 2017]." Resp. at 6, Ex. D. Notwithstanding that that email exchange does not address any issues raised in Google's Motion or discussed herein, the record shows that five years after that email exchange, Barracuda was still attempting to leverage the '069 patent as collateral for loans and credits with financial institutions. *See* Mot. at 4, 9. VIAAS's Response does not address this inconsistency. Moreover, in the final message in that email exchange, Ms. Valentim states that "[VIAAS's] IP attorney can start the process of filing the required Patent and Trademark Office forms, or [Barracuda] can have [its] trademark counsel start the transfer process from their side." Resp., Ex. D. That email exchange reflects that, while Barracuda and VIAAS

5

might have understood that there existed an agreement to assign the Asserted Patents to VIAAS, Barracuda believed that no transfer of rights had occurred, which directly contradicts VIAAS's only argument that it is an owner of the Asserted Patents.  Resp. at 6, Ex. D.  VIAAS's failure to demonstrate that it owns the Asserted Patents compels dismissal of this case.  *See Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779 (Fed. Cir. 1996) (finding that meeting minutes produced by plaintiff in an attempt to establish standing "at most, [were] a memorialization of an agreement to sell all assets [to plaintiff] at some time in the future.  Such an agreement to assign is not an assignment and thus did not vest legal title in [plaintiff] of the Intellectual Property" (citing *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1577–78 (Fed. Cir. 1991)).

### D. VIAAS Should Not Be Granted Leave to Amend Its Complaint

The Federal Circuit has held that "[i]n the area of patent infringement . . . if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing . . . nor by the subsequent purchase of an interest in the patent in suit."  *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*."); *Gaia Techs.*, 93 F.3d at 780 ("At bottom, the relevant statutes require an assignment of patents and registered trademarks to be in writing. . . . Absent legal title of the Intellectual Property, [plaintiff] lacked standing to bring the patent and registered trademark claims against the defendants. . . . The district court is instructed to dismiss [plaintiff's] patent and trademark infringement claims.")).  Because VIAAS's lack of standing when it brought this lawsuit cannot be cured, amending its Complaint would be futile.  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) ("a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal").

### E. VIAAS's Complaint Fails to Give Rise to a Claim for Direct Infringement

#### 1. VIAAS Fails to Allege That Google Performs Every Recited Step

In its Motion, Google explained that VIAAS's Complaint fails to plausibly allege direct infringement of the Asserted Claims (each of which recites "A method . . .") because, to state a claim for direct infringement of a method claim, the plaintiff must plausibly allege that the performance of each limitation of the claim is attributable to the defendant. Mot. at 13 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015); *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773–74 (Fed. Cir. 1993). Google further explained that, while VIAAS alleges infringement based on Google's sale of certain products, the sale of an apparatus capable of performing an infringing process does not constitute direct infringement of a method claim. *Id.*

In its Complaint, VIAAS does not allege that Google performs each of the recited method steps in the Asserted Claims, and VIAAS concedes as much in its Response. Resp. at 7 (arguing instead that "VIAAS sets forth a plausible allegation of direct infringement of the Asserted Claims, ***given that it fails to allege that Google performs each of the recited method steps***" (emphasis added)). While VIAAS argues that its direct infringement allegations are plausible based on cases relating to selling or offering to sell claimed methods, the cases relied upon by VIAAS actually support Google's argument that the sale of a product capable of performing an allegedly infringing process does not constitute direct infringement. Instead, direct infringement of a method claim under the "sells" or "offers to sell" prongs of Section 271(a) requires that the accused infringer sells or offers to sell its performance of every step recited in the claim. *See CLS Bank Int'l v. Alice Corp. Pty.*, 667 F. Supp. 2d 29, 36 (D.D.C. 2009) (holding that that "the sale or offer to sell handheld devices is not, in and of itself, enough" to constitute infringement of method claims under the "sells" or "offers to sell" prongs of Section 271(a) (citing *NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1321 (Fed. Cir. 2005)); *Ricoh Co. Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed.Cir.2008) (holding that "the sale of software (i.e., instructions to perform a process rather than the performance of the process itself)" does not give rise to liability under § 271(a));

7

*WesternGeco L.L.C. v. ION Geophysical Corp.*, 869 F. Supp. 2d 793, 799 (S.D. Tex. 2012) ("[H]ad the . . . Defendants submitted evidence proving that they were not actually offering to perform these services, but only selling the products themselves, summary judgment [of non-infringement] would be appropriate."); *Crystaphase Prod., Inc. v. Criterion Catalysts & Techs., LP*, No. 3:17-CV-00265, 2018 WL 4266237, at *5 (S.D. Tex. Aug. 20, 2018) (dismissing direct infringement claims because "Crystaphase alleges that the Shell Group offers to sell and sells solutions for operating chemical reactors, . . . [but] Crystaphase does not allege anywhere in the Complaint that the Shell Group offered to sell or sold its obligation to perform each step of Crystaphase's patented method for its customers.")

*Optigen*, on which VIAAS also relies, is inapposite. There, the issue was whether the performance of steps outside the United States could amount to direct infringement of method claims. *Optigen, LLC v. Int'l Genetics, Inc.*, 777 F. Supp. 2d 390, 402–403 (N.D.N.Y. 2011). The court denied the defendant's motion for summary judgment of non-infringement because the "Plaintiff has adduced admissible record evidence establishing that Defendant . . . sold or offered for sale the infringing method within the United States" even though ***it actually performed the claimed method steps*** in the Bahamas. *Id*. at 403.

In sum, the cases relied upon by VIAAS confirm that to show infringement under the "sells" or "offers to sell" prongs of Section 271(a), VIAAS must establish that Google sells or offers to sell its performance of the processes themselves claimed in the Asserted Patents. VIAAS makes no such allegation. Dkt. 1, ¶¶ 18, 25. VIAAS has not alleged, and cannot plausibly allege, that Google has performed or has offered to perform services that perform each step of the claimed methods. Accordingly, VIAAS's direct infringement allegations are implausible and should be dismissed.

### 2. VIAAS Fails to Raise a Reasonable Inference That Any Google Product Satisfies Every Limitation of Any Asserted Claim

#### a. Count I of the Complaint Lacks Sufficient Factual Allegations with Respect to the "HTTPS" Limitations of the '888 Patent

The Federal Circuit has held unequivocally that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Indeed, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022).

Yet here, with respect to multiple claim elements in the '888 patent (i.e., the "HTTPS" limitations), VIAAS's Complaint does no more than recite those elements and conclude that the Accused Products have them based "on information and belief." Mot. at 16 (quoting Dkt. 1, Ex. C at 8-9). VIAAS's Response concerning this issue is similarly conclusory. VIAAS simply "submits that its complaint and claim chart have adequately provided Google with proper 'fair notice' of its infringement claim for the '888 Patent." Resp. at 8. VIAAS does not articulate how its allegations are plausible in view of the *Iqbal/Twombly* standard, and makes no attempt to distinguish its conclusory allegations from those that were dismissed in *Vervian* or *Bot M8* because they "'merely track the claim language' and are therefore insufficient to give rise to a reasonable inference that the [accused product] practices the claims." *Vervain*, 2022 WL 23469, at *7 (quoting *Bot M8*, 4 F.4th at 1355).

#### b. Count II of the Complaint Lacks Sufficient Factual Allegations with Respect to the "Unique Identification" Limitations of the '069 Patent

Claim 1 of the '069 patent recites, *inter alia*, "collecting a unique identification of the PORT" and "associating the unique identification of the PORT with the multiple representations

9

of the event of interest determined by the PORT." As discussed in Google's Motion, VIAAS's allegations are insufficient because, to the extent that VIAAS alleges that the "unique identification of the PORT" limitation is satisfied by a "MAC address [that] uniquely identif[ies] each device," the Complaint lacks any factual support that the MAC address is associated with an event of interest as required by claim 1, and to the extent that VIAAS alleges that the "unique identification of the PORT" limitation is satisfied by the phrase "Front Yard," the allegations are implausible because the phrase "Front Yard" is not "unique" as required by claim 1. Mot. at 18.

VIAAS's Response provides no explanation for those inconsistencies related to the "unique identification" limitations of the '069 patent. VIAAS simply concludes that "VIIAS [sic] has gone above and beyond the requirements of the pleading stage" and that "[t]he fact that Google disagrees with VIIASs [sic] claim interpretation and infringement read is not a proper basis for dismissal of the complaint." Resp. at 9. Those inconsistencies, however, compel dismissal of VIAAS's allegations. *See Bot M8*, 4 F.4th at 1346 ("a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims"). Moreover, while VIAAS's "claim interpretation" is conspicuously absent from both its Complaint and its Response, VIAAS's allegations are implausible under any reasonable claim interpretation. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141–42 (Fed. Cir. 2018) (affirming dismissal of complaint when patent claims could not plausibly be construed to cover the accused products).

### III. CONCLUSION

In view of the foregoing, Google requests that this Court grant Google's Motion to Dismiss.

                                        Respectfully submitted,

Dated: March 6, 2023                    By: */s/ Mark N. Osborn*
                                        Mark N. Osborn
                                        State Bar No. 15326700
                                        mark.osborn@kempsmith.com
                                        Shelly W. Rivas
                                        State Bar No. 24003145
                                        shelly.rivas@kempsmith.com
                                        **KEMP SMITH LLP**
                                        221 N. Kansas
                                        Suite 1700
                                        El Paso, TX 79901
                                        Telephone: (915) 553-4424
                                        Facsimile: (915) 546-5360

                                        Michael A. Berta (*pro hac vice*)
                                        michael.berta@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        Three Embarcadero Center
                                        10th Floor
                                        San Francisco, CA 94111-4024
                                        Tel: 415-471-3277

                                        Nicholas H. Lee (*pro hac vice*)
                                        nicholas.lee@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        777 South Figueroa Street
                                        44th Floor
                                        Los Angeles, CA 90017-5844
                                        Tel: 213-243-4156

                                        Nicholas Nyemah (*pro hac vice*)
                                        nicholas.nyemah@arnoldporter.com
                                        David McMullen, PhD (*pro hac vice*)
                                        david.mcmullen@arnoldporter.com
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 Massachusetts Ave., NW
                                        Washington, DC 20001-3743
                                        Tel: 202-942-5000

                                        *Attorneys for Defendant Google LLC.*

**CERTIFICATE OF SERVICE**

    I certify that on March 6, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

    */s/ Mark N. Osborn*
    Mark N. Osborn